Below is an Opinion of the Court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re:                                )
                                      ) Bankruptcy Case No.
SACHA J. GILBERT,                     ) 16-30040-pcm13
                                      )
                    Debtor.           ) MEMORANDUM OPINION
                                      )

Debtor Sacha Gilbert seeks sanctions and a declaration that state court eviction actions by her landlord, Ramona Apartments, are void as a violation of the codebtor stay and automatic stay. The court held an evidentiary hearing on July 6, 2016. After considering the evidence, testimony, written submissions and arguments of counsel, I conclude that there was no violation and will deny the motion.

FACTS

Debtor rented a Section 8, low-income apartment from landlord.
Opinion Regarding Attorney's Fees, Costs, and Enhanced Prevailing Party

Page 1 -   MEMORANDUM OPINION

Fee at 2 n.4 (Exh. A).[1]  Debtor's counsel, Scot Eliot, resided in the apartment with debtor at least part of the time, based on his role as her care giver to provide certain services as needed, such as opening bottles, carrying things, and walking her dogs.  Landlord had approved his status as a care giver, but had denied debtor's request to add Mr. Eliot to the lease.

Debtor sought an accommodation from landlord to allow her to move to another apartment, which landlord granted.  Landlord agreed to pay for the move, and debtor agreed to vacate the first apartment, giving landlord a Notice of Intention to Vacate on June 11, 2015.  Exhs. A, 1.

When the movers, paid for by landlord, came to move debtor, however, debtor "actively frustrated the movers' ability to move her from the apartment she agreed to vacate."  Exh. A at 2.  As a result, some of her belongings were moved to the second apartment while other of her possessions remained in the first apartment.

Sometime thereafter, debtor moved into the second apartment but requested that landlord allow Mr. Eliot to remain in the first apartment as her care giver, which landlord denied.  Exh. A at 2.[2]

Landlord filed an FED action against debtor "and All Others" to regain possession of the first apartment, and debtor pled counterclaims to that complaint.  Exh. 1, 2.  After the start of the trial, debtor

---

[1] Debtor testified that the apartment was not Section 8 housing, although it was low income housing.  I find the state court's opinion, based on the evidence provided to it, more convincing.

[2] The state court noted that landlord "rejected this request because such an allowance would run contrary to the regulations governing Section 8 housing."  Exh. A at 2.

Page 2 -   MEMORANDUM OPINION

withdrew her counterclaims, which the state court found were "frivolous and harassing in nature." Exh. A at 3. Landlord never sought to evict debtor from the second apartment she possessed.

Debtor represented herself through part of the FED litigation. At some point, Mr. Eliot began to represent debtor in the FED action. He appeared at the first day of the eviction trial both as debtor's lawyer and as an "all others" defendant. Exh. A at 3.

On the eve of the second day of the eviction trial in July 2015, debtor filed a pro se chapter 13 petition, Case No. 15-33582. The petition did not list Mr. Eliot as a codebtor. Debtor appeared for the second day of the FED trial without counsel to advise the court of her bankruptcy filing.[3] Counsel for landlord informed the trial court that he was prepared to proceed with the trial if debtor waived the automatic stay. Debtor did not waive the stay, and the trial was abated. Exh. 5.

Landlord was granted relief from stay in August 2015 to allow it to continue the FED action and retake possession of the apartment. The relief from stay order provided that "[a]ny attorney's fees and costs granted through any FED action will be submitted as a claim through the Debtor's bankruptcy filing and not personally collected from Debtor." Order Granting Relief From Stay at ¶ 9 (Exh. 4). After landlord obtained a judgment of eviction against debtor, it sought its fees and costs in the eviction action.

Debtor alleges that landlord filed its attorney fee request in late

---

[3] It is not clear why, if Mr. Eliot was representing debtor on the first day of the FED trial, he did not appear with her at the second day of trial.

Page 3 - MEMORANDUM OPINION

2015 and that the state court held a hearing on that request in 2015. There is no evidence in the record to establish the timing of the request or the state court hearing. Nor is there any evidence that landlord's request for fees and costs asserted a claim against or argued that Mr. Eliot should be liable for the fees and costs.

Although debtor filed her 2015 chapter 13 case pro se, Mr. Eliot filed a notice of appearance for her in the bankruptcy court on October 7, 2015. After landlord obtained a writ of execution to regain possession of the apartment, debtor voluntarily dismissed the 2015 chapter 13 case on January 7, 2016.

Mr. Eliot as debtor's counsel refiled this case the same day in an effort to delay the eviction.[4] The 2016 petition again did not list Mr. Eliot as a codebtor. This court denied debtor's motion to extend the stay in the 2016 case, and the automatic stay under § 362 expired on February 6, 2016. See § 362(c)(3)(A).

In April, 2016, the state court issued a written opinion concluding that landlord was entitled to a total of $23,609.45 for attorney fees, costs, and prevailing party fees in the FED action. Exh. A. Thereafter, landlord sent Mr. Eliot a proposed Supplemental Judgment pursuant to the state court's opinion, which proposed to impose liability on both debtor and Mr. Eliot for $23,609.45 for the fees and costs. Exh. 6, 7.

Mr. Eliot sent landlord's counsel an objection to the proposed Supplemental Judgment, arguing among other things that the proposed judgment was not consistent with the state court's order in imposing

---

[4] Debtor appealed the eviction judgment. That appeal was pending in the state court of appeals when this case was filed.

Page 4 - MEMORANDUM OPINION

liability on anyone other than debtor, and that it violated bankruptcy court orders. Exh. 8.

Soon thereafter, debtor filed her Motion for Sanctions for violation of the automatic stay under § 362 and the codebtor stay under § 1301.

DISCUSSION

1. <u>Violation of § 362</u>

Debtor alleges that landlord violated § 362 in various ways. In particular, she argues that landlord violated the automatic stay by (1) seeking attorney fees, costs, and prevailing party fees related to her counterclaims, which went beyond the scope of the relief from stay granted in the 2015 case; and (2) seeking a judgment for the fees and costs after the state court's April 2016 ruling, because the relief from stay order in the 2015 case did not allow entry of judgment for those fees and costs but only the filing of a proof of claim in the bankruptcy case.[5]

Bankruptcy Code § 362 stays "the commencement or continuation" of judicial or other proceedings against the debtor on prepetition claims, and of acts to obtain possession of property of the estate. § 362(a)(1), (3). Section 362(k) mandates an award of actual damages to an individual injured by a willful violation of the stay. <u>In re Del Mission Ltd.</u>, 98 F.3d 1147, 1152 (9th Cir. 1996).

Landlord did not violate the automatic stay by proposing a judgment

---

[5] She did not pursue at the hearing her allegations that landlord violated the automatic stay by offering to proceed with the second day of the eviction trial if debtor waived the protection of the stay, or that landlord's eviction violated a state court of appeals stay. Therefore, those arguments are waived.

Page 5 - MEMORANDUM OPINION

against debtor for attorney fees, costs, and prevailing party fees. The automatic stay that was in place during the 2015 case terminated when that case was dismissed. § 362(c)(2)(B). Once the stay was terminated, landlord could take whatever action was appropriate in the state court FED action to recover its fees and costs, including obtaining a judgment.

Debtor argues that landlord was bound by the order granting relief from stay, which required it to assert its claim for attorney fees and costs through the bankruptcy process by filing a proof of claim. When the 2015 case was dismissed, however, there was no bankruptcy process in which to file a proof of claim. Nor was there a stay in place or a discharge entered that prohibited landlord from seeking a judgment for those fees and costs. Where a debtor completes a bankruptcy case and obtains a discharge of debts, the automatic stay terminates but the discharge injunction prevents actions to recover on discharged debts. § 524(a). Because debtor dismissed her 2015 case before she obtained a discharge, she was not protected by the discharge injunction.

It is true that the automatic stay arose again upon debtor's filing of her 2016 case. However, that stay terminated 30 days after she filed the 2016 petition, because she had a dismissed case within the past year and did not establish that the 2016 case was filed in good faith. § 362(c)(3). There is no evidence that landlord did anything in the 30 days during which the stay existed in the 2016 case to pursue the fees and costs in state court. The state court did not issue its opinion until two months after the stay in the 2016 case had expired.

And because the stay had expired, landlord's submission to Mr. Eliot of a proposed judgment for fees and costs against debtor did not violate

Page 6 - MEMORANDUM OPINION

the automatic stay.

Debtor argues that the fees and costs awarded related to her counterclaims in state court, which were outside the scope of the 2015 order granting relief from stay to pursue possession of the property. Counterclaims by the debtor against landlord were not stayed by § 362, therefore any fees and costs relating to debtor's counterclaims were not covered by the stay in the first place. See In re Copeland, 441 B.R. 352, 360-361 (Bankr. W.D. Wash. 2010).

Landlord did not violate the automatic stay of § 362.

2. <u>Violation of codebtor stay - § 1301</u>

The filing of a chapter 13 case stays any act "to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor[.]" § 1301(a). Violation of the co-debtor stay is sanctioned as contempt. 8 COLLIER ON BANKRUPTCY ¶ 1301.06 (Alan N. Resnick & Henry J. Sommer, eds. 16th ed. 2015) ("COLLIER"). To find a party in contempt, the moving party must show that (1) the party knew of the order being violated (here, the codebtor stay) "and (2) the party's actions that violated the stay were intentional." In re H Granados Communications, Inc., 503 B.R. 726, 733 (9th Cir. BAP 2013).

The first question is whether the codebtor stay covers Mr. Eliot. If it does not, there could be no violation of the codebtor stay.[6]

Debtor argues that, although neither Mr. Eliot nor debtor believed he was a codebtor when debtor filed her 2015 and 2016 chapter 13

---

[6] Although the parties dispute whether the obligation in question is a consumer debt, I assume for purposes of this motion that the obligation is a consumer debt.

Page 7 - MEMORANDUM OPINION

petitions, landlord's proposal to have judgment entered against him made him a codebtor covered by the stay of § 1301(a).

Whether there is a codebtor is determined as of the petition date. Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY § 84.1 (4th ed. 2004, www.Ch13online.com). There is no evidence in the record that landlord made any assertion of liability against Mr. Eliot at any time before it presented him with a proposed Supplemental Judgment in April 2016. It never asserted that he was liable with debtor on the lease. Although debtor asserts that landlord had sought to impose liability on Mr. Eliot when it filed its request for fees and costs in 2015, there is no evidence to support that assertion, and debtor did not list Mr. Eliot as a codebtor when she filed either bankruptcy case. The state court opinion awarding fees and costs does not mention any request to impose liability on Mr. Eliot and does not make any findings or specifically award fees and costs against Mr. Eliot. In fact, the state court said that, "[d]espite the fact that Mr. Eliot may be considered a defendant in this litigation, he will be referred to as Mr. Eliot[,]" and the all of the conduct on which the state court relied for its award of fees and costs was conduct by "defendant," which was debtor. Exh. A.

Because there is no evidence that Mr. Eliot was a codebtor at the time debtor filed either her 2015 or 2016 chapter 13 petition, Mr. Eliot is not a codebtor and the codebtor stay does not apply to landlord's later assertion of liability against him.

Debtor argues that the mere assertion of liability - whether founded or unfounded - is sufficient to give rise to the codebtor stay. I found no case law or other authority, and neither party cites any authority,

Page 8 -   MEMORANDUM OPINION

addressing this question.  Because the relevant date for determining whether the codebtor stay arises is the petition date, the statutory language supports the conclusion that, if there is no liability on that date, there is no codebtor stay.

This is consistent with § 1301(a), which provides for a stay of actions to collect a consumer debt of the debtor "from any individual that is liable on such debt with the debtor[.]"  The statute does not say "is or may be liable" on the debt, but that the individual "is liable."

The codebtor stay is narrower than the automatic stay of § 362(a), covering only a subset of the actions that are prevented by the automatic stay.  The language of § 1301(a) is in contrast to the language of § 362(a), pursuant to which a bankruptcy petition operates as a stay of actions "to recover a claim against the debtor that arose before the commencement of the case[.]"  § 362(a)(1).  A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" § 101(5)(A).  Thus, the automatic stay applies to all assertions of liability against the debtor, even those that are contingent or disputed.  Section 1301(a) uses different language for codebtors, limiting creditors' actions only when the codebtor "is liable" on the debt.

The purpose of the codebtor stay is to protect the debtor from indirect pressure applied by creditors on individuals, who are usually family members, friends, or fellow employees of the debtor, to collect consumer debts incurred by the debtor.  8 COLLIER at ¶ 1301.01. Particularly in a case such as this one, where the debtor was no longer

Page 9 -   MEMORANDUM OPINION

protected by the automatic stay when liability was first asserted against another individual, the purpose of the codebtor stay would not be served by applying it in this case.

Although I conclude that the codebtor stay does not apply to Mr. Eliot and therefore landlord's proposed judgment against him was not a violation of the codebtor stay, it is worth noting that, if there had been a violation, such violation would not have resulted in voiding the entire FED action, as debtor requests. The only alleged violation for which there was any evidence was landlord's transmission to Mr. Eliot of a proposed judgment for fees and costs against him. If that were a violation of the codebtor stay, and assuming that actions taken in violation of the codebtor stay are void,[7] only the action taken in violation of the stay would be void, which was the transmission of the proposed judgment. Therefore, even if debtor had proved that there was a violation, it would not gain her what she asks for, which is to declare that all actions taken in the state court FED action are void.

Further, if the transmission of the proposed judgment were void, landlord would be free to request relief from the codebtor stay to submit the proposed judgment to the state court for entry, a request that I would be required to grant in light of debtor's failure to provide for payment of this claim in her chapter 13 plan. See § 1301(c)(2) (requiring relief from the § 1301(a) stay if "the plan filed by the debtor proposes not to pay such claim").

---

[7] Because a violation of § 1301(a) is enforced through contempt procedures, it seems logical that the remedy for such a violation would be whatever remedies are available for contempt. That may or may not include voiding the action that constituted the contempt.

Page 10 - MEMORANDUM OPINION

CONCLUSION

Debtor has not shown that there was a violation of the automatic stay or of the codebtor stay. Therefore, her motion for sanctions will be denied. Counsel for landlord should submit the order.

###

cc: Scot J. Eliot
　　Matthew A. Arbaugh

Page 11 - MEMORANDUM OPINION